

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3008 | **DATE** | 7/11/2001 |
| **CASE TITLE** | Wahl vs. Labor Relations Grp of Chgo Roofing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant the Moving Defendants' motion (Doc 7-1) to dismiss, and dismiss the complaint in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 11 2001 date docketed | 13 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | mw docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 11 PM 12:03 | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JUL 1 1 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROGER WAHL, )
)
            Plaintiff, )
)
vs. )   01 C 3008
)
LABOR RELATIONS GROUP OF CHICAGO )
ROOFING CONTRACTORS ASSOCIATION, )
UNITED UNION OF ROOFERS, )
WATERPROOFERS, AND ALLIED )
WORKERS, LOCAL NUMBER 11, JOINT )
GRIEVANCE COMMITTEE, JAMES )
MANSFIELD, SR., DAN BROWN, ELGIN )
ROOFING COMPANY, AND UNKNOWN )
OTHERS, )
)
           Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Plaintiff Roger Wahl ("Wahl") filed a complaint seeking to vacate a decision issued by a Joint Grievance Committee pursuant to the terms of a collective bargaining agreement. Defendants Chicago Roofing Contractors Association, Elgin Roofing Company and Dan Brown (collectively the "Moving Defendants") have filed a motion to dismiss the complaint. For the following reasons, we grant the

motion. Because our decision applies with equal force to the remaining non-moving Defendants, we dismiss the complaint in its entirety.

## BACKGROUND

For purposes of a motion to dismiss, we accept as true all well-pleaded allegations as we are required to do. On November 13, 1999, Dan Brown of Elgin Roofing Company filed a grievance against union roofer Roger Wahl, alleging that Wahl violated the "moonlighting" provision of the Standard Working Agreement (the "SWA") between the Chicago Roofing Contractors Association ("CRCA") and the United Union of Roofers, Waterproofers and Allied Workers, Local Number 11 ("Union"). (Compl. ¶ 12.) The SWA establishes a grievance procedure for all disputes arising in connection with the SWA. (Compl. Exh. A, SWA, at 11.) Sections 4 and 5 of Article VII of the SWA provide in pertinent part:

> Section 4. In the event the parties cannot adjust the grievance within fifteen (15) calendar days, the grievance may be submitted to the Joint Grievance Committee, which shall hear the grievance within thirty (30) calendar days.
> The Joint Grievance Committee shall be composed of three (3) Union representatives and three (3) Employer representatives. The Joint Grievance Committee . . . may establish its own rules and procedures. A majority decision of the Joint Grievance Committee on the grievance shall be considered final and binding on the parties.
>
> Section 5. Should the Joint Grievance Committee be unable to decide the grievance by majority vote, then the grievance may be referred to the Federal Mediation and Conciliation Service for the submission of a panel of five (5) arbitrators from which one may be selected to hear and make final and binding determination on the grievance. . . .

(Id.)

Originally to be heard on January 4, 2000, the grievance against Wahl was rescheduled for hearing before the Joint Grievance Committee ("JGC") for February 17, 2000. (Compl. ¶ 13.) At that time, Plaintiff's counsel appeared and moved to dismiss the matter on the grounds that it was not heard within 30 days of submission to the JGC as required by the Agreement. (Id. ¶ 14.) Over counsel's objections, the JGC proceedings continued, and the Committee rendered a decision against Wahl on March 14, 2000. (Id. ¶¶ 14-15.)

Plaintiff then filed a complaint in the Circuit Court of Cook County against the Defendants. (Id. ¶ 16.) The cause was removed to federal court whereupon the parties agreed to dismiss the case if the JGC afforded Wahl a new hearing with an opportunity to present evidence. (Id. ¶ 17.) This hearing was held on August 2, 2000. (Id. ¶ 21.) Neither Wahl nor his counsel was present, although both were notified of the hearing. (Id.) The JGC re-opened the proceedings on November 29, 2000 so that Wahl could be heard. (Id. ¶ 23.) He submitted a two-count motion to dismiss the grievance, arguing that he was not subject to the moonlighting provision and that he had permission to do the work in controversy. (Id. ¶ 24.) On December 15, 2000, the JGC rendered a final decision re-confirming the finding of liability from the initial hearing on March 14, 2000 and fining Wahl for violation of

the SWA. (Id. ¶ 29.) Plaintiff received notice of the Committee's decision on December 18, 2000. (Compl. Exh. H, JGC Letter to Wahl.)[1]

Wahl filed this action on April 26, 2001, naming as defendants the CRCA, the Union, the JGC, its chairman James Mansfield, Elgin Roofing Company, and its president Dan Brown. (Complaint ¶¶ 3-7.) Seeking to vacate the decision issued by the Joint Grievance Committee, Plaintiff contends that the decision constitutes a breach of the Standard Working Agreement. (Compl. ¶ 30.) The Moving Defendants ask this Court to dismiss Plaintiff's complaint, arguing that it is time-barred pursuant to the Illinois version of the Uniform Arbitration Act. Further, the Moving Defendants contend that the claims against Dan Brown and Elgin Roofing Company must be dismissed because there is no contractual relationship between either of them and Wahl. For the following reasons, we grant the motion to dismiss.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests whether the plaintiff has properly stated a claim for which relief may be granted. See Pickrel v. City of

---

[1] The copy of the letter is dated December 15, 2000. Because Wahl included it as an exhibit to his complaint, we may reference it by incorporation. See Wright v. Associated Ins. Cos., 29 F.3d 1244, 1248 (7th Cir. 1994) (stating that documents attached to a motion to dismiss are part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim"). Appended to the letter is a "Post-It Fax Note" bearing the date of December 18, 2000, and addressed to "Thom" from "Roger." The paper appears to have been faxed from a machine registered in the name of Sharon Wahl. Thus Wahl appears to have been in receipt of the JGC's decision by December 18, 2000 at the latest. Wahl does not dispute this assertion.

Springfield, Ill., 45 F.3d 1115, 1118 (7th Cir. 1995). The court must accept as true all of the plaintiff's well-pleaded factual allegations as well as all reasonable inferences. Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977). However, the court need "not strain to find inferences favorable to the plaintiffs" which are not apparent on the face of the complaint. Id. The court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984)).

## DISCUSSION

### I. The Nature of Plaintiff's Claim

In order to address the statute of limitations issue in the case at bar, we must first determine whether this action is an appeal of an arbitration award or a breach of contract claim. The Moving Defendants contend that the JGC's decision is an arbitration decision. Wahl disagrees. He argues that the Joint Grievance Committee is not an arbitrator for purposes of determining the applicable statute of limitations and, accordingly, that this is not an appeal of an arbitration decision. Instead, Wahl purports to base his theory of the case on breach of contract, alleging that Defendants violated the SWA.

Wahl believes JGC's decision is not an arbitration award for two reasons. First, the SWA does not refer to the JGC as an arbitrator. Second, Section 5 of Article VII of the SWA provides for arbitration only after the JGC has rendered a decision if the panel has been unable to decide the grievance by majority vote.

Despite the fact that the SWA does not refer to the JGC as an arbitrator, courts have routinely treated judgments rendered by such committees as arbitration decisions. See, e.g., Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co., Inc., 628 F.2d 1023, 1024 (7th Cir. 1980); International Union of Operating Eng'rs, Local 150, AFL-CIO v. J. Pease Constr. Co., Inc., 541 F. Supp. 1334, 1336 (D.C.Ill. 1982); Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Center Contractors, Inc., 1986 WL 4713, at *1 (N.D.Ill. Apr. 11, 1986); Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Sinnett Excavating, Inc., 1995 WL 23040, at *2 (N.D.Ill. Jan. 19, 1995); Local 705, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am. v. Grane Trucking Co., 1987 WL 8638, at *1 (N.D.Ill. March 26, 1987). Similarly, courts have consistently considered decisions of grievance panels with other designations as arbitration awards as well. See, e.g., United Parcel Serv., Inc. v. Mitchell, 451 U.S. 56, 58, 64 (1981) (agreeing with the District Court that the Joint Panel's ruling was properly characterized as an arbitration award); Local 1020 of United Bhd. of Carpenters and Joiners of Am. v. FMC Corp., 658 F.2d 1285, 1286 (9th Cir. 1981)

(noting parenthetically that the Referee of the hearing at issue was an "arbitrator"); Davis v. Ryder Truck Lines, Inc., 113 L.R.R.M. (BNA) 2072, 97 Lab.Cas. P 10,027, *3 (1982) (Spiegel, Arb.) (concluding that the state statute of limitations for vacation of arbitration awards applied to the decision of the Joint Area Committee).

In Sinnett Excavating, for example, the mechanism for the resolution of disputes provided pursuant to the terms of a collective bargaining agreement was virtually identical to the grievance procedure in the case at bar. 1995 WL 23040 at *1. The District Court described the process as follows:

> "The first step is that the grievance will be taken up by the Union's Business Representative and the Employer's representative. If that fails to resolve the issue, the grievance is submitted for 'conference and resolution by designated officials of the Union and the Association.' . . . If step two also fails, the dispute is to be submitted to the Joint Grievance Committee ('JGC'), which is comprised of an equal number of representatives from the Union and the Association and at least three from each. If the JGC resolves the issue by majority vote, the Master Agreement provides that the JGC's determination is final. If the JGC deadlocks, the matter may be referred to arbitration."

Id. A dispute arising between Sinnett Excavating and the Union made its way through the grievance process to a JGC hearing, at which the Committee found for the Union. See id. Despite the fact that, as in the present case, the collective bargaining agreement did not refer to the JGC as an arbitrating body and provided for arbitration if the Committee deadlocked, the Court characterized and treated the JGC's decision as an arbitration award. See id. at *2-3. As this case illustrates,

actions like the one before this Court are commonly dealt with as appeals of arbitration decisions.

Moreover, Wahl's complaint, read as a whole, is in the spirit of an appeal of an arbitration award rather than a breach of contract claim. Wahl's complaints--about the fine assessed against him, the JGC's refusal to allow a court reporter to be present at the hearing, the Committee's unwillingness to tender the minutes of the hearing, and the rules and procedures applicable to the grievance procedure--are typically heard in appeals of arbitration decisions rather than contract actions. Moreover, Plaintiff prays that this Court reverse the JGC's decision, an entreaty usually associated with an appeal of an arbitration award.

Ultimately, it is well settled that when a collective bargaining agreement contains an arbitration provision, there is a presumption that grievances under the agreement are subject to arbitration. See Local Union 1393 Int'l Bhd. of Elec. Workers, AFL-CIO v. Utilities Dist. of W. Indiana Rural Elec. Membership Co-op, 167 F.3d 1181, 1183 (7th Cir. 1999); Carpenters Fringe Benefit Funds of Illinois v. McKenzie Eng'r, 217 F.3d 578, 586 (8th Cir. 2000); Teamsters Local Union No. 75 v. Schreiber Foods, Inc., 65 F. Supp.2d 959, 961 (E.D.Wis. 1999). Indeed, federal policy strongly favors voluntary arbitration as a means of settling labor-based disputes, especially those focusing on the terms of collective bargaining agreements. See Sinclair Refining Co. v. Atkinson, 290 F.2d 312, 315 (7th Cir.

1961); Atchley v. Heritage Cable Vision Associates, 101 F.3d 495, 501 (7th Cir. 1996); Interstate Brands Corp. v. Bakery Drivers & Bakery Goods Vending Machines, Local Union No. 550, Int'l Bhd. of Teamsters, 167 F.3d 764, 766-767 (2d Cir. 1999); Atchison, Topeka and Santa Fe Ry. Co. v. United Transp. Union (CT&Y), 175 F.3d 355, 357 (8th Cir. 2000); Oil, Chem., & Atomic Workers Int'l Union (AFL-CIO), Local 5-857, Labor Orgs. v. Conoco, Inc., 241 F.3d 1299, 1303 (10th Cir. 2001). Having determined that Plaintiff's complaint is an appeal of an arbitration award, we now address the issue of whether or not his claim is time-barred.

## II. Statute of Limitations

Turning to the statute of limitations issue, the Moving Defendants contend that Wahl is barred from attacking the JGC's arbitration decision because he failed to challenge the award within the required time period. Specifically, the Moving Defendants rely on the Illinois version of the Uniform Arbitration Act, arguing that Wahl's complaint was filed outside the 90-day limitations period set forth in the statute. For the following reasons, we agree.

The Seventh Circuit has firmly held that "the 90 day period in the Illinois version of the Uniform Arbitration Act, 710 ILCS 5/12(b) (West 1994), is the appropriate statute of limitations for actions challenging arbitration awards brought in Illinois." Sullivan v. Lemoncello, 36 F.3d 676, 681 (7th Cir. 1994); Plumbers

Pension Fund, Local 130, U.A. v. Domas Mech. Contractors, Inc., 778 F.2d 1266, 1268 (7th Cir. 1985). Thus, unless a collective bargaining agreement provides a specific period within which proceedings to vacate an arbitration decision must be initiated, Illinois' arbitration statute must be applied. See Local 1020 of United Bhd. of Carpenters and Joiners of Am. v. FMC Corp., 658 F.2d 1285, 1289 (9th Cir. 1981). The purpose of the short period prescribed in the statute is to achieve finality in a timely fashion. See Jefferson Trucking Co., 628 F.2d at 1027.

Where the relief sought is to nullify an arbitration decision, "the only avenue for such relief is a timely suit to vacate." Sullivan v. Gilchrist, 87 F.3d 867, 871 (7th Cir. 1996); Int'l Union of Operating Engineers, Local 150, AFL-CIO v. Centor Contractors, Inc., 831 F.2d 1309, 1311 (7th Cir. 1987). Accordingly, a party's failure to seek vacation of an arbitration award within the 90-day limitation period prescribed by the Illinois Arbitration Act bars it from challenging the enforcement of the award. See Domas Mech. Contractors, Inc., 778 F.2d at 1268.

In the case at bar, the SWA does not contain a statute of limitations. Thus, the 90-day period contained in the Illinois Arbitration Act governs the time period for challenging the JGC's arbitration award. The JGC issued its decision on December 15, 2000. Wahl received notice of it on or around December 18, 2000. He initiated this action one hundred twenty-nine days later, on April 26, 2001. Accordingly, this Court holds that, because Wahl took no action with respect to the

JGC's arbitration decision within the applicable limitations period, his complaint seeking to vacate the arbitration award, together with his prayer for affirmative relief, is time-barred.

## CONCLUSION

For the foregoing reasons, we grant the Moving Defendants' motion and dismiss the complaint in its entirety.

Charles P. Kocoras
United States District Judge

Dated: July 11, 2001